**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Salvador Sanchez Macias,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-0943-PHX-SRB (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 6, 2013 (Doc. 1).  On September 26, 2013 Respondents filed their Response (Doc. 12).  Petitioner filed a Reply/Traverse on October 7, 2013 (Doc. 13).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.


## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On April 5, 2010, Petitioner was indicted on two counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children. (Exhibit B, Indictment.) (Exhibits to the Answer, Doc. 12, are referenced herein as "Exhibit ___.") The indictment alleged that on March 26, 2010, Petitioner engaged in sexual intercourse or oral sexual contact with a minor under the age of 15 years, to wit: digital penetration of

1  the minor's vagina (Count 1) and anal contact (Count 2). (*Id*.)

2      Counsel was appointed, and on September 21, 2010, Petitioner entered into a

3  written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to Count One,

4  sexual conduct with a minor, and an amended Count Two, attempted molestation of a

5  child.  In exchange, the parties stipulated to a sentence of 20 to 27 years flat on Count

6  One, and successive lifetime probation on Count Two.  Petitioner entered his plea on the

7  same date, and the plea was accepted.  (Exhibit D, R.T. 9/21/10.)

8      On February 22, 2011, Petitioner was sentenced to a presumptive term of 20 years

9  on Count One and lifetime probation on Count Two.  (Exhibit E, R.T. 2/22/11 at 24-25;

10  Exhibit F, Cond. of Probation.)

11

12  **B.  PROCEEDINGS ON DIRECT APPEAL**

13      As a pleading defendant, Petitioner had no right to a direct appeal.  (Exhibit G,

14  Notice of Rts. of Rev. (citing Ariz. Rev. Stat. § 13-4033, etc.).)  Petitioner did not file a

15  direct appeal.  (Petition, Doc. 1 at 2.)

16

17  **C.  PROCEEDINGS ON POST-CONVICTION RELIEF**

18      Petitioner commenced his first post conviction relief proceedings by filing an

19  untimely Notice of Post Conviction Relief (Exhibit H) on July 26, 2011, some five

20  months after sentencing. Counsel was appointed.  (Exhibit I, M.E. 7/29/11.)  Counsel

21  filed a Petition (Exhibit J) to permit late filing of a PCR petition, which was granted.

22  (Exhibit A, Docket at items 52, 54.)  Ultimately, counsel filed a Notice of Completion of

23  Review (Exhibit N), evidencing an inability to find a tenable issue for review.  Petitioner

24  was granted leave to file a *pro per* petition.  (Exhibit A, Docket at item 63.)

25      Petitioner filed his *pro per*  PCR petition on November 26, 2012 (Exhibit P),

26  arguing newly discovered evidence that the victim suffered no injury to her vagina,

27  justifying a lower, mitigated sentence.  The PCR Court summarily dismissed the petition,

28  finding  no  colorable  claim  was  presented  because  the  evidence  was  not  newly

1  discovered, was provided at the time of sentencing, was cumulative to other evidence at

2  sentencing, and thus would not have changed the sentence.  (Exhibit S, M.E. 2/12/13.)

3  Petitioner then filed a Petition for Review (Exhibit T) by the Arizona Court of

4  Appeals, arguing that the prosecution had failed to disclose the absence of injury, as

5  required under Arizona law and *Brady v. Maryland*, 400 U.S. 841.  The state responded

6  (Exhibit U), but no ruling has yet been issued by the Arizona Court of Appeals.

7

8  **D.  PRESENT FEDERAL HABEAS PROCEEDINGS**

9  **Petition** - Petitioner commenced the current case by filing his Petition for Writ of

10  Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 6, 2013 (Doc. 1).  Petitioner's

11  Petition asserted two grounds for relief:

> In Ground One, Petitioner alleges his Fifth, Sixth and Fourteenth
> Amendment rights were violated when the trial court changed the
> plea agreement without Petitioner's knowledge or permission, by
> the prosecutor's misrepresentation of Arizona statutes in the plea
> agreement, and because Petitioner's counsel was ineffective by not
> objecting to changes to the plea agreement. In Ground Two,
> Petitioner asks whether Arizona Rule of Criminal Procedure 32.3
> (A.R.S. § 13-4233) is unconstitutional because "it innates the
> suspension of a writ of habeas corpus to Arizona state prisoners."

17  (Order 8/23/13 at 2.)  In the Service Order, the Court dismissed Ground Two as failing to

18  assert a cognizable violation of the Constitution, laws of treaties of the United States.

19  **Response** - On September 26, 2013, Respondents filed their Response

20  ("Answer") (Doc. 12).   Respondents argue that Petitioner's claim was not fairly

21  presented to the Arizona Court of Appeals, that his state remedies are unexhausted and

22  procedurally defaulted.   Respondents argue that a stay to allow exhaustion is not

23  appropriate because the claim is not meritorious and Petitioner has failed to show good

24  cause for his failure to properly exhaust.  Alternatively, Respondents argue that if the

25  claim is merely unexhausted, this Court should deny the claim on its merits.

26  **Reply** - On October 7, 2013, Petitioner filed a Reply (Doc.13).  Petitioner argues:

27  (1) the Arizona Court of Appeals' failure to timely resolve his petition for review creates

28  an absence of state corrective process, eliminating any failure to properly exhaust state

remedies (*id.* at 4); (2) any process is ineffective because the Arizona Attorney General has undertaken representation of Respondents (*id.*); (3) this court has discretion to bypass the exhaustion issue (*id.* at 5); (4) any procedural default should be excused to avoid a fundamental miscarriage of justice (*id.*); (5) he filed the instant petition to avoid the expiration of the statute of limitations (*id.*); (6) he is alleging jurisdiction defects and constitutional violations based upon the judge's alteration of the plea agreement, and the prosecutor's misrepresentation of the potential sentence (*id.* at 5-6); and (7) he has established cause and prejudice and a fundamental miscarriage of justice (*id.* at 7-9).

## III. APPLICATION OF LAW TO FACTS

Respondents argue this Court should either dismiss the Petition on the basis of a procedural default, or find it simply unexhausted and deny it on the merits. Petitioner argues that there is an absence of state corrective process, thereby resulting in exhaustion, or that any procedural default should be excused on the basis of cause and prejudice, or to avoid a fundamental miscarriage of justice.

Here, however, there is a pending state proceeding. Accordingly, the undersigned will recommend dismissal as a matter of abstention.

**Petition Wholly Unexhausted** - "Habeas petitioners have long been required to adjudicate their claims in state court-that is, 'exhaust' them-before seeking relief in federal court. This requirement is 'grounded in principles of comity[,] as it gives states the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009).

"A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

Therefore, "to exhaust one's state court remedies in Arizona, a petitioner must

first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995).

Here, none of the claims asserted by Petitioner in his habeas Petition have been fairly presented to the Arizona Court of Appeals.  His only foray to the Arizona Court of Appeals is his now pending petition for review, which is founded upon a claim of prosecutorial misconduct in failing to make disclosures.  His claims in this Petition are based upon the trial court's change of the plea agreement, and ineffective assistance of counsel in failing to challenge those changes.

Accordingly, this Court is faced with a Petition composed solely of claims for which Petitioner's state remedies are unexhausted.

Respondents suggest that the state remedies are not merely unexhausted, but now procedurally defaulted.  Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

In support of their assertion that the claims are procedurally defaulted, Respondents argue that a return to state court for a new proceeding is not possible. (Answer, Doc. 12 at 12.)   However, Respondents proffer no state law precluding Petitioner from revising his claims in the currently pending proceeding before the Arizona Court of Appeals. (*See* Order 9/10/13, Doc. 11 at 2 ("any allegations of

procedural default or application of an independent and adequate state ground shall include an indication of the specific state rule(s) and/or authorities alleged to bar the affected claim(s)").)  Further, it seems particularly unseemly, in light of the comity due in our federal system (and which underlies the *Younger* abstention doctrine addressed hereinafter), for this federal court to prognosticate what the Arizona Court of Appeals might or might not do in a matter actually pending before it.  Accordingly, Respondents have failed to establish that there is now no state remedy available to Petitioner.[1]

Respondents suggest as an alternative a stay of the current petition pending completion of the state court proceedings.  Respondents argue, however, that Petitioner has failed to show good cause for his failure to exhaust, and the claims are not meritorious.  (*See* Answer, Doc, 12 at 7,  quoting *Rhines v. Weber,* 544 U.S. 269, 278 (2005).)  However, such a stay is only appropriate for "mixed petitions," containing both exhausted and unexhausted claims.  *Rhines*, 544 U.S. at 275.  *See also Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) ("*Rhines* applies to stays of *mixed* petitions").  Accordingly, a stay is not appropriate.[2]

Finally, Respondents suggest that this Court exercise its discretion to deny the claims on their merits, notwithstanding a failure to exhaust state remedies.[3]  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."   28 U.S.C. § 22545(b)(2).  Such an approach would be appropriate if Petitioner had no state proceedings pending.  In light of the pendency of his state petition for review, abstention is the more appropriate course.

**Abstention Appropriate** - The principles of absention in *Younger v. Harris*, 401

---

[1] Because the undersigned does not find a procedural default, Petitioner's assertions of cause and prejudice and miscarriage of justice to excuse the default need not be addressed.

[2] The Ninth Circuit has also approved a process for staying fully exhausted petitions to permit the exhaustion of other claims. *Jackson*, 425 F.3d at 661.  Petitioner's petition, on the other hand, is fully unexhausted.

[3] Petitioner suggests the Court take the same approach to grant the Petition.  Section 2254(b)(2) only permits a bypass to *deny* the claim.

U.S. 37 (1971) call for dismissal of Petitioner's Petition without prejudice. "The Younger abstention doctrine generally provides that when: (1) the underlying hearings at issue constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; (3) there is an adequate opportunity in the state proceedings for the federal plaintiff to raise constitutional challenges; and (4) the federal action would enjoin the state proceedings or have the practical effect of doing so, federal courts should abstain." *Knight v. Ahlin*, 709 F.3d 1296, 1298 (9th Cir. 2013) (internal citations and quotation marks omitted).

Here, the state proceedings are ongoing.[4] Petitioner's petition for review remains pending before the Arizona Court of Appeals.  These criminal review proceedings implicate important state interests, namely "the important and necessary task of enforcing these laws against socially harmful conduct."  *Younger*, 401 U.S. at 51-52. Arizona routinely provides opportunity for the consideration of the kinds of claims that Petitioner asserts in his Petition.

Finally, a ruling in this Court on the merits of Petitioner's claims would have the practical effect of enjoining the state proceedings, at least insofar as the Arizona court might decide to take up the claims raised in this proceeding.

Petitioner complains that the Arizona Court of Appeals is simply taking too long. That does not establish that the state proceeding is an inadequate opportunity to present his claims. The matter has only been at issue in that court for six months.  While that may seem an eternity for a prisoner, it would be a routine delay in the vast majority of appellate courts, state and federal. For example, the federal Ninth Circuit Court of Appeals reports a 4-5 month delay between briefing and oral argument, and 3 months to a year from then to a decision.  *See* http://www.ca9.uscourts.gov/content/ faq.php, last accessed 12/11/13.

Nor does it show the kinds of extraordinary circumstances under which a federal

---

[4] In the event that the state proceedings are concluded prior to the ruling on this Report and Recommendation, then the undersigned would suggest the matter be referred again to address the procedural default issues.

court may interfere with ongoing state proceedings.  "[W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions.  But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate."  *Younger*, 401 U.S. at 45.  An ordinary delay in appellate review does not establish such extraordinary circumstances.  *See Roberts v. Dicarlo*, 296 F. Supp. 2d 1182 (C.D.Calif. 2003) (no extraordinary circumstances to avoid *Younger* abstention from 17 month delay in direct appeal).

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983).

**Dismissal Without Prejudice Appropriate** - Dismissal is the appropriate means to abstain in this case.  While a stay is permitted in cases merely involving a claim at law for damages, *see Gilbertson v. Albright*, 381 F.3d 965 (2004), in a case seek equitable relief such as a habeas proceeding, dismissal is the appropriate response.

There is no apparent prejudice to Petitioner from a dismissal.  Often, federal habeas courts are faced with the potential of a dismissal without prejudice becoming one with practical prejudice as a result of the intervening expiration of the one year habeas statute of limitations.  *See* 28 U.S.C. § 2244(d).  In this instance, Petitioner's sentence was entered on February 22, 2011.  (*See* Exhibit E, R.T. 2/22/11.)   His PCR notice was filed less than six months later on July 26, 2011.  (*See* Exhibit H, PCR Notice.)  That proceeding remains pending.  Accordingly, Petitioner would have at least sixth months of his one year limitations period remaining upon conclusion of his state court proceedings.[5]

---

[5] It is unclear whether Petitioner's pending PCR proceeding should be considered an "of-right" proceeding, and thus part of his direct review.  *See Summers v. Schriro,* 481 F.3d

Moreover, a dismissal of the instant petition would not raise concerns of a "second or successive" petition under 28 U.S.C. § 2244(b).  "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits…A prior petition that has been dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits."  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citations omitted).

Accordingly, the instant petition should be dismissed without prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

---

710, 716-717 (9th Cir. 2007).  If so, then Petitioner's one year limitations period would arguably not begin running until the conclusion of that proceeding.

*McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds as to Ground One. Under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling" on that ground.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

As for Ground Two, the undersigned did not participate in the dismissal of that claim, and out of deference to the district judge, makes no recommendation as to the appealability of that order.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 6, 2013 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, a Certificate of Appealability be **DENIED** as to Ground One.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

*of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 18, 2013

13-0943r RR 13 12 10 on HC.docx

James F. Metcalf
United States Magistrate Judge